IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY LOPEZ, *Plaintiff,* v. CITY AND COUNTY OF PHILADELPHIA *et al.*, *Defendants.* | CIVIL ACTION NO. 13-6571 |

**PAPPERT, J.**  October 1, 2018

## <u>MEMORANDUM</u>

Jerry Lopez, a *pro se* inmate, sued the City and County of Philadelphia, former Philadelphia Prison System Commissioner Louis Giorla, Curran-Fromhold Correctional Facility Warden John Delaney, Deputy Warden Clyde Gainey, Deputy Warden Gerald May, Deputy Warden Frederick Abellos and an unnamed Deputy Warden of Administration, alleging a violation of his constitutional rights when he was housed in a three-person cell designed for two people. He asserts claims under § 1983 for violations of the First, Fifth, Eighth, Ninth and Fourteenth Amendments. The Defendants now move, for the second time, to dismiss Lopez's claims for failure to prosecute. The Court issued an Order on August 17, 2018, directing Lopez to respond to the Motion by September 16, 2018. In light of Lopez's failure to do so, and considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case.

I

Lopez commenced this action on November 8, 2013, by filing an application for leave to proceed *in forma pauperis*. (ECF No. 1.) At that time, he was incarcerated at SCI Mahanoy and provided an address and prisoner identification number to which mail could be sent. (*Id.*) On January 6, 2014, Lopez filed his Complaint. (ECF No. 5.) That same day, Judge Shapiro granted Lopez's application but dismissed the Complaint without prejudice, giving Lopez thirty days to file an amended complaint. (ECF No. 4.) On September 25, 2014, Lopez sought to file his amended complaint late, stating that he did not receive a copy of Judge Shapiro's Order. (ECF No. 6.) On September 29, 2014, Lopez filed an Amended Complaint. (ECF No. 8.)

The City, Giorla, Delaney, Gainey, May and Abellos moved to dismiss Lopez's claims on February 18, 2015. (ECF No. 10.) On March 11, 2015, Lopez filed his response and also sought to have an attorney appointed to represent him. (ECF No. 12.) On September 22, 2015, Judge Shapiro referred Lopez to the Court's Prisoner Civil Rights Panel for possible appointment of counsel and placed the case in administrative suspense pending the panel's decision. (ECF No. 13.) The last communication Lopez had with the Court was on February 16, 2016, when he notified the Court that he wished to proceed with this lawsuit despite being unrepresented.

The case was then transferred twice: first to Judge Goldberg on August 1, 2016, (ECF No. 17), and again to this Court on December 12, 2016, (ECF No. 18.) The case was removed from suspense on March 16, 2017. (ECF No. 19.) The Court denied the Defendants' Motion to Dismiss on July 5, 2017. (ECF No. 20.) The same day, the

Defendants moved to dismiss for lack of prosecution, (ECF No. 22), and the Court denied the Motion on September 1, 2017, (ECF No. 24).

Docket entries on August 10, 2016, January 3, 2017, March 27, 2017, July 20, 2017, and September 22, 2017, show that correspondence to Lopez was returned to the Clerk of Court by the postal service. On April 25, 2018, the Court updated Lopez's address. (ECF No. 25.) Up to that point, Lopez himself had not updated the Court or the Defendants with a new address. The Rule 26(f) Conference was not held because Lopez failed to participate. (ECF No. 29.) Lopez also failed to appear for the Rule 16 Conference on June 4, 2018. (ECF No. 31.) The Defendants moved to dismiss for lack of prosecution on June 13, 2018. (ECF No. 32.) The Court then issued its August 17 Order requiring Lopez respond to the Motion by September 16, 2018. (ECF No. 34.) He has not done so.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). In addition, district courts have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (holding Rule 41(b) did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance the factors identified by the Third Circuit in *Poulis*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d at 868 (emphasis omitted).[1] There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single [ ] factor is dispositive." *Id.*

III

Dismissal is warranted in this case. As a *pro se* litigant, Lopez bears personal responsibility for failing to participate in the Rule 26(f) Conference, to appear at the Rule 16 Conference, to respond to Defendants' Motion to Dismiss for Lack of Prosecution and to comply with the Court's August 17 Order. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*). This Order stressed that failure to respond could result in dismissal of the case for failure to prosecute.

The second and third *Poulis* factors also call for this case's dismissal. Lopez's conduct has prejudiced the Defendants, precisely because of his continued history of dilatoriness. His Amended Complaint is approximately four years old. In failing to respond since February 2016, Lopez has stalled the progression of the case, specifically

---

[1] The Third Circuit has instructed that consideration of the *Poulis* factors is not required "[w]hen a litigant's conduct makes adjudication of the case impossible," *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007), such as when a plaintiff refuses to participate in the litigation without explanation. *See, e.g.*, *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming a district court's dismissal of an action for failure to prosecute without considering the *Poulis* factors where the plaintiff failed to respond to discovery requests or to appear for depositions and offered no explanation for his inaction in response to a show cause order from the court); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (holding consideration of the *Poulis* factors was unnecessary where, after receiving an adverse ruling on some of her claims, the plaintiff "willfully refused to prosecute her remaining claims"). This case arguably falls into this category, as Lopez's failure to communicate with the Court since February 2016 suggests he may have abandoned his claims. The Court will nonetheless conduct the *Poulis* analysis.

discovery. Lopez has also neglected to keep the Court apprised of changes to his address. Lopez's pattern of dilatoriness prompted the Defendants to file two Motions to Dismiss for Lack of Prosecution and the Court to issue an Order directing Lopez to respond by a specific date.

With respect to the fourth factor, Lopez's conduct, at the very least, is suggestive of an intention not to pursue the case. He is—or should be—aware that this case is ongoing, yet has not communicated with the Court in over two years. The Court may conclude that Lopez's actions are not accidental or inadvertent but instead reflect an intentional disregard for the case and the Court's instructions.

Lopez's status as a *pro se* litigant limits the ability of the court to impose lesser sanctions to ensure that this litigation progresses in an orderly fashion. Imposing fines, costs, or an award of attorneys' fees is not an option. *See id.* at 191 (upholding a finding that monetary sanctions were not alternative to dismissal where the plaintiff was proceeding *in forma pauperis*).

In sum, five of the *Poulis* factors—personal responsibility, prejudice to the Defendants, a history of dilatoriness, willful conduct and unavailability of alternative sanctions—strongly weigh in favor of dismissal. The Court need not address the meritoriousness of Lopez's claims, as the Third Circuit has noted:

> Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. The decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court—a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Court accordingly dismisses the case with prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.